UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH E. OUSNAMER,
    Plaintiff,
v.

COMMISSIONER OF SOCIAL SECURITY,
    Defendant.
_____/

Case No. 24-11157

Curtis Ivy, Jr.
United States Magistrate Judge

# OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS
## (ECF No. 11)

## I. BACKGROUND

During April 2020, Plaintiff Keith Ousnamer was awarded disability benefits beginning January 1, 2017. He filed this lawsuit on May 1, 2024, seeking back payment of disability benefits beginning from May 1971 when he lost his left arm in a farming accident. (ECF No. 1). The Commissioner of Social Security moved to dismiss this lawsuit for failure to state a claim. (ECF No. 11). The Commissioner argues that the complaint was not timely filed after the relevant final decision of the Social Security Administration. For the reasons below, the Court **GRANTS** the Commissioner's motion.

## II. DISCUSSION

    A.    <u>Governing Standards</u>

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

"[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

The Commissioner attached documents filed by Plaintiff to the Social Security Administration or sent from the Administration to Plaintiff that Plaintiff did not attach to his complaint. Generally, a court cannot consider matters outside the complaint when ruling on a motion to dismiss under Rule 12(b)(6). *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 781 (S.D. Ohio 2009). That said, the court may consider material attached to the complaint, "incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007), and documents that a defendant attaches to a motion to dismiss if the documents are referred to in the complaint and are central to the plaintiff's claims. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). And the court may consider public records and matters of which a court may take judicial notice. *See Jackson*

3

*v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds, *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).

The Court can take judicial notice of the documents that Plaintiff filed with and mailed to Plaintiff from the Administration that are attached to the Commissioner's motion without converting the motion to one for summary judgment. Fed. R. Evid. 201(b) governs judicial notice. Pursuant to that Rule, courts may judicially notice a "fact that is not subject to reasonable dispute" because it is either "generally known" within the court's territorial jurisdiction, or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts contained in documents held and created by the Social Security Administration can be accurately and readily determined, and their source's accuracy cannot reasonably be questioned.

    B.    <u>Analysis</u>

Plaintiff has filed three applications for disability benefits. He filed his first application in 2007. The application was denied. That decision became final in 2010. (ECF No. 11-7). His second application was filed in 2015. It was denied during July 2015. That decision became final during February 2017 when the Appeals Council denied Plaintiff's request for review. (ECF No. 11-12).

4

Plaintiff filed his third application in December 2016, alleging disability beginning on November 15, 2016. (ECF No. 11-13, PageID.171). This application was granted in part at the initial level—he was found disabled as of January 1, 2017. The award notice explained that he would begin receiving payments in June 2017. (ECF No. 11-14). Plaintiff requested an administrative hearing to appeal that initial determination. After the hearing, the administrative law judge ("ALJ") issued a decision on April 23, 2020. The ALJ found that Plaintiff had engaged in substantial gainful activity until January 1, 2017. (ECF No. 11-18, PageID.196). The ALJ noted that she was not disturbing the disability finding at the initial level. Plaintiff sought review by the Appeals Council, which denied his request on November 8, 2020. (*Id.* at PageID.202). The denial notice informed Plaintiff that he had 60 days to file a civil action to seek review of the ALJ's final decision. (*Id.* at PageID.203). Plaintiff did not file a lawsuit within 60 days or seek an extension of time to do so.

On August 25, 2023, Plaintiff filed a Request for Reconsideration with the Social Security Administration. He did not agree with the ALJ's final decision because he believed his benefits should extend to June 2007. (ECF No. 11-16, PageID.184). Plaintiff's request was dismissed on April 2, 2024. (ECF No. 11-17).

Plaintiff filed his complaint here on May 1, 2024, using the MIED ProSe 13 Complaint for Review of a Social Security Disability decision. The form states than an appeal from a decision of the Commissioner must be filed within 60 days of the date on which you received the notice that the Commissioner's decision became final. Plaintiff wrote that he "received forms on March 4, 2024," but also that a claim "was not denied, just trying to see if I could receive back payment because I had to wait 35 years to get approve [sic] for social security disabled [sic]." (ECF No. 1, PageID.3). He then explained that he thought the Commissioner's decision should be overturned because of his May 1971 accident. (*Id.*). He also asserted that the ALJ told him over the telephone that he would get back pay for four years. He never received that back pay. The ALJ's staff later told Plaintiff that nothing was written in his file related to back pay. He believes he did not get a check for back pay because of an employee at the Pontiac Social Security office who told him she thinks he is not disabled. (*Id.* at PageID.6-7).

It appears that Plaintiff is asking the Court to overturn the November 2020 final decision and extend his benefits period. His time to seek this Court's review of that final decision has long passed. As explained in the Appeals Council's notice of denial dated November 8, 2020, Plaintiff had 60 days from receipt of the notice to file a complaint in this Court. (ECF No. 11-18, PageID.203-04). That directive comes from 42 U.S.C. 405(g), which states, "[a]ny individual, after any

final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow." (Emphasis added).  Plaintiff is presumed to have received the Appeals Council's notice five days after the date of the notice, November 13, 2020.  20 C.F.R. § 210(c).  Plaintiff had 60 days from November 13, 2020, in which to file his complaint seeking judicial review.  Plaintiff did not seek an extension of time to file the complaint.  Thus, Plaintiff's May 1, 2024, complaint is untimely.

As the Commissioner points out, equitable tolling may extend that statute of limitations in Social Security appeals when exceptional circumstances warrant it. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008).  Plaintiff bears the burden of establishing that "'some extraordinary circumstance stood in his way'" from filing a timely complaint.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Bowen v. City of New York*, 476 U.S. 467, 479-82 (1986).  Plaintiff provided no circumstances warranting equitable tolling.  The Court therefore concludes that Plaintiff did not diligently pursue his claim.

Though the Court has concluded that Plaintiff's complaint is untimely, and dismisses the complaint on that basis, the Court will briefly address the

Commissioner's other argument that Plaintiff's Request for Reconsideration does not revive this untimely action.

Social Security regulations permit a claimant to seek reconsideration of an initial determination. 20 C.F.R. § 404.900(a)(1-2). The relevant initial determination (the most recent one), dated April 24, 2017, found Plaintiff disabled as of January 1, 2017. (ECF No. 11-14, PageID.178). Plaintiff then requested and attended a hearing conducted by an ALJ, who then issued the April 2020 decision affirming the initial determination. ALJ decisions are binding unless the Appeals Council or federal court reviews the case. ALJ decisions are not subject to the reconsideration stage of the administrative review process. *See* 20 C.F.R. § 404.900(a). The ALJ's decision superseded the initial determination, so reconsideration is no longer available to Plaintiff.

Finally, Plaintiff's assertion that the ALJ told him he would receive payments for four additional years is conclusory, and even if mentioned during a telephone conversation, would not entitle him to judicial review. The ALJ's decision, which became the final decision of the Commissioner, makes no mention of this additional award of disability payments. Even were judicial review of the ALJ's decision possible here, which it is not because the complaint is untimely, review is limited to what is contained in the administrative record and the ALJ decision. If there is no indication in that record or the decision that the ALJ

8


intended to award more than stated in the decision, review of such a statement would not be possible.

In short, because the complaint is untimely, it is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: September 24, 2024.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 24, 2024.

s/Sara Krause
Case Manager
(810) 341-7850